J. T. HARRIS, Appellee, v. PHŒNIX INSURANCE COMPANY, Appellant.

1. **Fire Insurance:** PROOFS OF LOSS: WAIVER. The proofs of loss under a policy of insurance against fire required of the insured under section *3*, chapter 211, of Acts of the Eighteenth General Assembly, are for the benefit of the insurer, and may be waived by it; and action by the insurer, looking to the adjustment of a loss upon a defective notice, and without calling for such proofs as the policy and the statute require, constitutes such waiver. So held where the general agent of an insurance company, upon receiving a postal card from the insured, stating that his house had burned the day before, and giving the number and amount of his policy, answered that the loss would have the attention of the company's

adjuster at an early date; and the adjuster, upon being advised of the loss by the general agent, went to inspect the burned premises, made inquiries as to the cause of the fire, and left word for the insured to call and see him.

2. ———: ———: ———: INSTRUCTIONS TO JURY.   Where in an action upon a fire insurance policy the plaintiff sought to recover under a waiver of proofs of loss by the insurer, *held*, that the court properly refused to instruct the jury that the plaintiff's action was barred because of the failure to give proofs of loss as required by law.

3. ———: ———: ———: AUTHORITY OF AGENT.   Authority to receive proofs of loss, and to adjust and settle such losses, includes the power to waive such proofs.

4. ———: ———: ———: INSTRUCTIONS TO JURY.   Several witnesses having testified that, when the defendant's adjuster called at the plaintiff's house in relation to the loss in question, he inquired as to the cause of the fire, the ownership of the land and the incumbrance thereon, and left word for the plaintiff to call and see him the next day at a town named, and he would settle the loss, *held*, that the evidence warranted an instruction to the jury, that if the plaintiff relied upon the word left for him by the adjuster, and that he, as a reasonable man, had a right so to do, then they should find that there was a waiver of proper proofs of loss by the defendant.

5. ———: ———: ———: ———.   The failure of the plaintiff to meet the defendant's adjuster upon the request above stated, *held*, not to affect the waiver of proof of loss by the defendant.

6. ———: INCREASE OF RISK: EVIDENCE: INSTRUCTION TO JURY.   In the the plaintiff's application for insurance, the question, "By whom is the house occupied?" was answered by "assured or tenants."   At the time of the loss in question another family occupied the burned premises with the plaintiff, but there was no evidence of any increase of the risk on that account.   *Held*, that an instruction, asked by the defendant, that if the risk was increased, without consent indorsed thereon, it rendered the policy null and void, was properly refused.

7. ———: EVIDENCE: ERROR WITHOUT PREJUDICE.   The jury having been instructed that, the plaintiff's right to recover depended upon his proving a waiver of proofs of loss as required by law, *held*, that the introduction of evidence that the plaintiff mailed proper proofs of loss to the defendant after the expiration of the sixty days allowed by statute, though immaterial, was error without prejudice.

*Appeal from the Wapello District Court,* HON. C. D. LEGGETT, Judge.

TUESDAY, MAY 17, 1892.

ACTION to recover upon a policy of insurance against loss by fire,   There was a trial to a jury, result-

ing in a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*M. J. Williams* and *W. H. C. Jacques*, for appellant.

*W. W. Cary* and *E. L. Burton*, for appellee.

GIVEN, J.—It is not claimed by the appellee that he gave notice accompanied by affidavit, as required by the policy and by statute. McClain's Code, section 1734. Section 3, chapter 211 of Acts of the Eighteenth General Assembly. He rests his right to recovery upon the claim that the appellant waived such notice and affidavit. The appellant contends that there is no evidence to support the allegation of waiver, and that the court, therefore, erred in overruling its motion for verdict, and in giving and refusing certain instructions. The undisputed facts are that on the twenty-first day of June, 1885, the appellee insured his residence, situated on a farm in Wapello county, in the appellant company, for one thousand dollars, and that on February 14, 1888, during the life of the policy, the building was totally destroyed by fire. On February 16, 1888, the appellee addressed to the appellant a postal card, as follows: "Chillicothe, Iowa, February 16, 1888. T. R. Burch, Gen. Agt., Chicago—Dear Sir: My house burned to the ground yesterday. Policy o. 179-781. Amount of insurance, one thousand dollars. Yours truly, J. T. HARRIS, per B." Said card was received and answered by said Burch, as follows: "Phœnix Insurance Co., 2-17-'88, Phœnix Building. T. R. Burch, Gen. Agt. Dear Sir: Your favor of 16th advising of loss under policy o. 179,781 is received, and will have the attention of our adjuster at an early date. T. R. BURCH, General Agent."

About March 1, 1888, Mr. C. H. Williams, the appellant's adjusting agent, having been advised of

<small>1. FIRE insurance: proof of loss: waiver.</small>

the loss by their general agent, went, as he says it was his duty to do, to the home of the appellee, at the place of the fire, to see him about the loss and investigate the facts.   The appellee being absent from home at the time Mr. Williams did not see him, but had a conversation with appellee's wife (Mrs. Harris) concerning the loss, in the presence of two other persons. They all agree that Mr. Williams inquired of her as to the cause of the fire; that she said she did not know, and that it was not known; that he inquired who owned the land, how much there was of it, and whether under mortgage; and that she answered that she did not know.   They also agree that he told her to tell her husband to come to Chillicothe, some three miles distant, the next morning, and bring his policy with him; that he (Williams) would be there until 1 o'clock. Mrs. Harris testified that "he said to tell Mr. Harris to come to Chillicothe, and he would settle the loss and pay up;" that she told her husband, but he did not go.   Mr. Bailey, who was present, says: "Think he told Mrs. Harris to tell Mr. Harris to come to Chillicothe, and that he would settle with him there."   Mr. Williams denies that he said anything about settling, adjusting or paying the loss; and Arthur Lukins, who sat in the buggy with him during the conversation, says he did not hear him say that he would settle and pay the loss.   This is a sufficient statement to show the tendency of the evidence upon which a waiver is claimed, and the conflict therein.

  "Waiver" is thus defined in Bishop on Contracts, (section 792): "Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right, and of his intention to rely upon it; and thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it

VOL. 85—16

afterwards." In Wood on Fire Insurance (section 496) it is said: "When the insurer, knowing the facts, does that which is inconsistent with the intention to insist upon compliance with the conditions precedent of the contract, it is treated as having waived their performance. * * * So, too, the production of proofs of loss, or defects therein, may be waived, and such waiver may be implied from what is said or done by the insurer." The notice and affidavit required by statute are solely for the benefit of the insurer. *Boyd v. Cedar Rapids Insurance Co.*, 70 Iowa, 329. The principal, if not the only purpose of requiring this notice and affidavit, is to inform the insurer of the loss, the facts as to how it occurred, and the extent thereof, as a basis upon which to determine whether the insurer is liable, and to what extent, or, in other words, the basis upon which the insurer may proceed to adjust the loss. The notice and affidavit being for the benefit of the company, it is not questioned but that it may waive its right thereto.

The appellant contends that there is no evidence that its adjusting agent had any authority to waive notice and affidavit of loss, but it is not disputed but that the general agent had such authority. We think the letter from the general agent tends to show a waiver of further notice, and of an affidavit. Without notice and affidavit, or a waiver thereof, the appellant was not required to act. There was no claim before it, and nothing to adjust. But if the postal card was accepted as sufficient notice, and affidavit was waived, then there was. It was under these circumstances that the general agent assured the appellee that the loss would have the attention of their adjuster at an early day. Had it been the purpose then to require notice and affidavit, surely some mention of that fact would have been made. But, instead, the appellee is informed that the appellant will proceed to do that which it was

under no obligation to do, unless there was a waiver. If it was not the purpose to waive further notice and affidavit, why promise that the loss should have the early attention of the adjuster? Certainly this letter, written under these circumstances, tends to show a waiver, as claimed. As to the authority of the adjuster to waive proofs of loss, we think the fact of his giving attention to the loss, as promised in the letter, his examination of the ruins, and the word he left for the appellee, without any mention of further notice or affidavit, not only tend to prove that he had authority to waive further notice, and proofs, but that he did so. It follows from these conclusions that there was no error in overruling the appellant's motion for verdict, or in giving or refusing instructions on this branch of the case.

II. The appellant complains of the refusal to instruct that the appellee, having failed to give notice accompanied by affidavit, as and in the time required by law, he is barred from maintaining this suit. The case was submitted solely upon the appellee's allegation of waiver of notice and affidavit. Therefore, this instruction was properly refused.

2. —: —: —:
instruc-
tions to jury.

III. The court instructed that the authority of an adjuster may be shown by the nature of the business intrusted to him, and the nature and necessary power of an agent acting in the capacity he acted in for the appellant; that it may be shown by the evidence of the agent himself as to the power and authority he had and was exercising for the defendant. The court further instructed that if they found that the adjuster had authority from the appellant to receive proofs of loss, and adjust and settle the loss, then they should find that he had authority to waive the giving of the evidence. The appellant's complaint is that under this

3. —: —: —:
authority
of agent.

instruction the jury might find, from the fact alone that
the agent was an adjuster, that he had power to waive
proofs of loss, and cites *Barre v. Council Bluffs Insur-
ance Co.*, 76 Iowa, 609, wherein it is said: "A waiver
can only be made by one having sufficient authority to
make it, and such authority must be shown." That
was an action upon a contract to issue a policy, and the
allegation was that by refusing to deliver the policy,
and denying the existence of the contract, the appellee
was prevented from making proof of loss within the
time required by the form of policy called for by the
contract. As there said, there was no evidence tending
to establish the authority of the persons who it was
claimed did so to make the waiver. We have seen that
there was evidence tending to show the authority of
this adjuster, other than the mere title of his agency.

IV. The court instructed that the burden rested
upon the appellee to make out the waiver; that the
jury should determine from the evidence
what was said between the adjuster and
Mrs. Harris, and whether the appellee did
in fact rely upon the word which the adjuster left for him
in failing to give the appellant an affidavit until after
sixty days and whether he had any right, as a reasonable
man, to so rely upon this word. "If he did so rely upon
the word that was left for him, and you find that he
had a right, as a reasonable man, to do so under the
circumstances, then you should find that there was a
waiver of such affidavit by the appellant. But if you
fail to find that he did rely upon this word in failing to
give the affidavit, or if you fail to find that he had a
right to so rely upon this word, as a reasonable man,
in either case your verdict should be for the defend-
ant." The appellant contends that there was no evi-
dence upon which to found this instruction. While
there was a conflict in the evidence, it surely cannot be
said that there was none to support the claim that the

4. ——: ——: ——:
instruc-
tions to jury.

appellant's adjuster had left word for the appellee that he would settle, adjust and pay the loss. There is also evidence that the adjuster inquired into, and was informed as fully as the parties knew concerning the facts as to how the loss occurred.

V. The appellant complains of the refusal to instruct to the effect that if the appellee was told to come to Chillicothe the next day, and the adjuster would settle and pay the loss, and he failed to go to Chillicothe the next day, and gives no reason for not doing so, it would not be a waiver of any of the rights of the company, for the reason that it was not accepted. That the appellee should come to Chillicothe was not a condition precedent to the appellant's acknowledgment of his right to press his claim for the loss without furnishing notice and affidavit. Without coming to Chillicothe, he could not have settlement and payment then, but surely he was not to understand that, if he did not come, his right to recover was to be thereafter denied. The reason why he did not go may be inferred from the testimony of Mrs. Harris, who stated that her husband could not take the adjuster to Ottumwa the next day on account of the bad condition of the roads.

VI. The appellant asked an instruction containing the statement that "the policy sued upon provides that the premises are to be occupied by assured or tenant;" also, that the policy provides that if the risk be increased in any manner, without consent indorsed thereon, it shall be null and void. It appears that one Bailey and his family occupied two rooms in the house at and for some time before the fire, and that the appellee and his family occupied the balance of the house. The instruction asked submitted the question whether this occupancy increased the hazard, and, if so, that the plaintiff could not recover. The policy, as far as set out in the

appellant's abstract, is silent as to occupancy; but it appears that in the application therefor the question, "By whom is the house occupied?" was answered, "Assured or tenant." This was rather in the nature of a description of the property by present occupancy than an agreement as to occupancy in the future. There was no evidence to show that the occupancy, as it existed at the time of the fire, increased the risk, and therefore nothing upon which the jury could have found that the policy was void by reason of the risk being increased.

VII. The court permitted the appellee to introduce, over the appellant's objection, testimony that on the eleventh day of August, 1888, he mailed to the defendant an affidavit stating the facts as to how the loss had occurred,

7. ——: evidence: error without prejudice.

so far as they were within his knowledge, and the extent of the loss. The plaintiff had set up the making of this proof of loss in his petition, which the appellant admitted in its answer to have received August 13, 1888. There being no claim that the appellant had agreed to extend the time in which to make this proof of loss and it being after the expiration of the sixty days allowed by law, the fact that such proofs were made was immaterial, and should not have been admitted in evidence. But as the case was submitted to the jury upon the plaintiff's claim of a waiver, and the jury were instructed that his right to recover depended upon his proving the alleged waiver, the admission of this evidence, though erroneous, was without prejudice to the appellant. Our conclusion is that the judgment of the district court should be AFFIRMED.