St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co.

## St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co.

No. 2152, Okla. T.   Opinion Filed January 13, 1909.

(99 Pac. 647.)

1.   **PLEADING—Reply—Departure—Mode of Objection—Waiver.** In an action on an insurance policy, the petition alleged that the insured "had fully complied with all the terms and conditions of said policy on its part." The insurance company answered that the insured had not complied with that condition requiring proof of loss within 60 days. For reply the insured admitted the allegation and by way of avoidance set forth facts sufficient to constitute a waiver. **Held,** that the allegations of the reply constituted a departure, that the same could not be taken advantage of by objecting to the introduction of any evidence under the pleadings, and that defendant waived the defect by failing to move to strike the reply and going to trial on the issues thus raised.

2.   **INSURANCE—Fire Policy—Proof of Loss—Waiver.** A clause in an insurance policy, in effect providing that the insured shall within 60 days after loss make proof of same to the insurance company, and that a failure so to do within that time shall cause a forfeiture of any claim under such policy, is waived, where, after written notice of loss, the amount thereof is agreed upon after inspection of the same by an adjuster of the insurer and an agent of the insured acting pursuant to a telegram from the general agent of the former to the latter, stating: "If you and Mr. Bates can settle, go ahead, loss referred to him, I have no data."

3.   **SAME.** A clause in an insurance policy, providing that "no denial of liability or other act on the part of the company shall be deemed to waive or dispense with the furnishing of such proof," being a stipulation reserved for the benefit of the insurer, can be by it, and is, waived, where such insurer, acting through the adjuster as its alter ego, after written notice of the loss, inspected the same, agreed with the insured as to the amount thereof, and promised to pay a sum certain in full settlement thereof, before the expiration of the 60 days in which to make such proof.

(Syllabus by the Court.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

Action by the Mountain Park Stock Farm Company against

the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On October 27, 1905, the Mountain Park Stock Farm Company, a corporation, defendant in error, plaintiff below, sued the St. Paul Fire & Marine Insurance Company, a corporation, plaintiff in error, defendant below, in the district court of Garfield county, to recover for a partial loss sustained to a growing crop of wheat on account of damage by hail, covered by an insurance policy issued by the plaintiff in error to the defendant in error. After answer filed to which there was a reply, defendant moved for judgment on the pleadings, which was overruled, and after trial to a jury which resulted in judgment for plaintiff for $110, and after motion for a new trial was filed and overruled to which defendant excepted, the insurance company brought the case by petition in error and case-made to the Supreme Court of Oklahoma Territory, and the same is now before us for review as successors to that court.

*Houston & Brooks*, for plaintiff in error.—

On question of departure in pleading: 6 Enc. Pl. & Pr. 460-462; *Johnson v. State Bank of Seneca*, 59 Kan. 250.

On question of waiver of proof of loss: *Ry. Co. v. Western Assurance Co.*, 129 Fed. 610; *Burlington Ins. Co. v. Ross*, 48 Kan. 228; *Provident Ins. Co. v. Wolff*, 72 N. E. 606; *Boneas v. Ins. Co.* 72 N. E. 250; *Kirkman v. Ins. Co.*, 57 N. W. 952.

*J. M. Dodson*, for defendant in error.—

On question of departure and mode of raising objection: 6. Enc. Pl. & Pr. 468, 469, 490.

On question of waiver of proof of loss: *Carroll v. Ins. Co.* (Cal.) 13 Pac. 863; *Western Home Ins. Co. v. Tharp*, 48 Kan. 239; *Randall v. Ins. Co.*, 10 Mont. 362; 16 A. & E. Enc. Law, p. 947, and cases cited.

TURNER, J. (after stating the facts as above). This is a suit on an insurance policy. On May 8, 1905, the insurance company, plaintiff in error, issued to the insured company, defend-

ant in error, a policy for $400 insuring against loss or damage by hail a certain 100-acre field of growing wheat, the property of the latter, between the 4th of May and the 15th of September, 1905. The policy provided, among other things, for written notice to the insurance company of loss within 48 hours thereafter —which was duly given. It also provided that the insured shall within 60 days after loss make 'proof of same to the insurance company, and that a failure so to do within that time shall cause a forfeiture of any claim under such policy. This was never done, and one of the controlling questions in the case is whether Mr. Bates, the adjuster of the insurance company, waived formal proof of loss thus required. On this point the testimony discloses: That the loss occurred May 12th. That on May 25th, after receiving the notice thereof aforesaid, the insurance company directed their said adjuster to go to the scene, which he did, preceded by a telegram from one of its general agents to the president of the insured company, which read: "If you and Mr. Bates can settle, go ahead, loss referred to him, I have no data." That on May 31st said adjuster, with Mr. Corwin, the agent of the insured company, went to the field of wheat covered by the policy with a view to determining the extent of the loss and agreeing upon the amount to be paid in settlement. That, after a close inspection of the per cent. of damage, the amount to be paid was agreed upon. That Bates then departed, and, failing to hear further from the insurance company, the insured company, at the expiration of the 60 days allowed for proof of loss, brought this suit.

While it is conceded that Bates, by virtue of his employment as adjuster, together with the special authority conferred on him by the telegram of the general agent, was clothed with sufficient authority to bind the insurance company by a waiver of that condition of the policy concerning proof of loss, it is insisted that no such waiver can be implied from the facts as stated. With this contention we cannot agree. It is undoubtedly true, as con-

ceded, that, Bates being charged by the insurance company with the whole duty of settling the loss, he, in this respect, represented the company and, as such, had power to dispense with those stipulations contained in the policy for the benefit of the company which had reference to the mode of ascertaining the extent of the liability and limiting the right of action. *Eastern R. Co. v. Relief Ins. Co.,* 105 Mass. 570; *Kennebec Co. v. Augusta Ins. Co.,* 6 Gray (Mass.) 204; *Gloucester Mfg. Co. v. Howard Ins. Co.,* 5 Gray (Mass.) 497, 66 Am. Dec. 376. Or, as said by the court in *McCollum v. Insurance Co.,* 67 Mo. App. 66:

"As the business of an adjuster is to ascertain the loss and agree with the assured on a settlement, we think it quite reasonable to hold that he had authority to waive all matters of form or detail connected with the business. *German Ins. Co. v. Gibson,* 53 Ark 500, 14 S. W. 672; *Aetna Ins. Co. v. Shryer,* 85 Ind. 362; *Harrison v. Hartford Ins. Co.* (C. C.) 59 Fed. 732; *Harris v. Insurance Co.,* 85 Iowa, 238, 52 N. W. 128; *Smith v. Insurance Company,* 60 Vt. 682, 15 Atl. 353, 1 L. R. A. 216, 6 Am. St. Rep. 144."

16 Am. Eng. Enc. of Law, on the subject of waiver, says:

"Since the conditions of a policy a breach of which by the assured will give rise to a forfeiture are inserted for the benefit of the insurance company, they may be waived either pending the negotiation for the insurance or after such negotiation has been completed and during the currency of the policy, and this either before or after the forfeiture is incurred; and, since forfeitures are not favored in the law, the courts are always prompt to seize hold of any circumstances that indicate an election to waive."

By the express terms of the telegram, the loss was referred to the adjuster. In effect, it read:

"As this company has no data concerning your loss, we refer the entire matter for settlement to our adjuster, Mr. Bates. Present the data of your loss to him, and if after doing so you and he can agree on the amount of it and the sum to be paid in settlement, do so, and we will pay it."

Acting on this advice, the insured company complied by taking the adjuster to the field, where they made a minute inspection of the damage, agreed upon the per cent. thereof and the amount

to be paid in settlement which Bates, for the company, agreed to pay. It would be incongruous to hold that, after such action of the insurer, it could lie quietly by until the expiration of the time in which the insured was required to furnish formal proof of loss, and then, in answer to a suit on the policy, claim for the first time that he had failed to comply with that condition. This would be to permit the insurer to lull the insured into a sense of security and whisper in his ear a promise of settlement until the expiration of 60 days and then break it to his hopes. This would be to permit the insurer to mislead the insured to his own harm. Such will not be tolerated. _Armstrong, Resp., v. Agricultural Ins. Co., etc.,_ 130 N. Y. 560, 29 N. E. 991.

The chief object of furnishing proof of loss is to enable the insurer to determine the extent of its liability. When by any means agreed upon the extent of this liability is determined between the parties, and a certain sum is agreed to be paid in settlement thereof, the necessity of formal proof no longer exists, and it goes without saying that the law will not compel the insured to do a useless thing as a condition precedent to a right of action. The amount to be paid in settlement of this claim was ascertained by a proceeding in the nature of an arbitration; Mr. Bates acting for the insurer, and Mr. Corwin for the insured. The proof of loss was furnished by the latter to the former at the request of the insurance company by an actual inspection of the field. The authorities are agreed that a settlement made in such a way is a waiver of formal proof of loss. In _Jacobs v. St. Paul Fire & Marine Insurance Company,_ 86 Iowa, 145, 53 N. W. 101, there was notice to the company which agreed in writing with the plaintiff to submit the question of the amount of loss to two arbitrators under the terms of the policy, which was done, and an award returned fixing it at a sum certain. Proof of loss was insufficient. The act of defendant in demanding an arbitration, which was conducted to a successful conclusion, was held by the court to be a waiver of proof of loss. On the same question, in _McCollum v. Insurance Co., supra._ the court said:

"It is undisputed that McMillen was the defendant's adjuster, that he went to Dexter for the purpose of adjusting the loss, that he made no complaint of the failure to furnish preliminary proofs, that he remained there three or four days, that during that time he frequently conferred with the plaintiff and the local agent concerning a settlement, and that at his suggestion each party selected an appraiser, and instructed them to estimate the value of the buildings, which they attempted to do, but failed to agree. This amounted to substantial evidence of a waiver of the preliminary proofs, which required the submission of the question to a jury."

And so we are constrained to hold that the facts in the case at bar were sufficient to carry the question of waiver to the jury.

But it is insisted by the insurance company that a waiver was impossible under the terms of the policy, which provided: "No denial of liability or other act on the part of the company shall be deemed to waive or dispense with the furnishing of such proof." We do not think so. This clause is but an attempt on the part of the insurance company to tie its will so as to be unable by its acts to do by consent what the law permits. This it cannot do. It is but another stipulation in the contract of insurance for the benefit of the insurer which may be and was waived by it in this case. 16 Am. & Eng. Enc. of Law, 935, says:

"As a general rule, any condition of a contract of insurance may be waived by parol by the insurance company, since the contract of insurance is not within the statute of frauds and may be by parol. And this rule applies notwithstanding stipulations in the policy that nothing less than an express agreement indorsed on the policy shall be effectual for that purpose, since such a stipulation is itself a condition and is as capable of being waived or dispensed with as any other condition of the instrument, and since parties to contracts cannot so tie their wills as to be unable thereafter to do by consent what the laws allows."

In *Bennett v. Union Central Life Ins. Co.*, 203 Ill 439, 67 N. E. 971:

"The policy contained a clause providing that 'none of its terms can be modified nor any forfeiture under it waived save by an agreement in writing, signed by the president, vice presi-

dent, secretary or assistant secretary of the company, whose authority for this purpose shall not be delegated.' "

But, notwithstanding, the court held:

"The contract, and the rights, duties, and obligations of the parties under it, are inconsistent with the right of the appellee company to insist upon a forfeiture, and the law therefore declares a waiver, not because the appellee company has by any of its officers, either verbally or in writing, agreed that the forfeiture should be waived, but because the law declares it waived by the acts and conduct of the appellee company, and without regard to whether it intended to expressly agree to a waiver."

It was also held in that case, as we will hold in this, that the waiver was implied and founded upon the "general principles of common honesty and natural justice which the law exacts of mankind in their intercourse and dealing with one another."

In *Thompson v. Traders' Ins. Co.*, 169 Mo. 12, 68 S. W. 889, although a copy of the policy read in evidence by defendant contained a provision that no agent except the secretary of the company in Chicago shall have authority to waive, alter, or modify any of the terms of the policy, nor to waive any forfeiture of the policy, nor to revive any policy that has become forfeited, any contract by parol or otherwise or understanding with the agent notwithstanding, it was nevertheless held by the court that the acts of the agent in that case constituted a waiver, and the court in passing said:

"In other words, the Missouri cases give full effect to the contractual power of the principal to limit the authority of his agent in the original appointment or at any other time, but those cases also give like effect to all subsequent powers conferred by the principal upon his agent, either expressly, or by implication or by estoppel, notwithstanding such powers are in conflict with, in derogation of, or in enlargment of, the powers originally conferred. And this rests upon the doctrine that in each instance the principal binds himself—not that the agent binds the principal beyond his power to bind him. The act of the principal limiting the power of the agent is not irrevocable at the will of the principal. As the principal has the freedom to contract to impose the limitations upon the power and authority of the agent in the first place, so, also, the principal has the freedom to con-

tract to remove, abolish, alter, diminish, or increase the limitations originally imposed upon the power of the agent, and this the principal may do in any manner that in law will be binding upon him; but in every case it is the act of the principal that the law simply enforces, and not the unauthorized act of an agent done in excess of the authority conferred."

In *United States Life Ins. Co. v. Lesser*, 126 Ala. 568, 28 South. 646, the court, in the first section of the syllabus, said:

"A condition in a policy of life insurance that 'no person other than the president, together with the secretary or actuary shall have power to alter or waive any contract or condition on behalf of the company,' while valid, and intended to restrain and to give notice of the restriction of the authority of agent as distinguished from the officers of the company, is a mere condition reserved for the benefit of the company; and of this condition the company can at its volition, take advantage, or waive it and delegate to agents the implied power vested in the president, together with the secretary or actuary."

We are therefore of the opinion that this condition in the policy is one reserved for the benefit of the insurer and was impliedly waived by the insurance company when by telegram it enlarged the powers of its adjuster and sent him to settle the loss, as, in effect, its *alter ego,* thereby clothing him with power, which he exercised, of unfettering its will and impliedly waving not only formal proof of loss but the benefit retained to the insurer by the clause relied on attempting to restrict its power to waive.

But it is insisted that there is a defect in the pleadings fatal to a recovery. The petition, after setting forth the policy and declaring on the contract of insurance, averred that the insured "had fully complied with all the terms and condition of said policy on its part." For answer there was a general denial and an averment that the insured had wholly failed to comply with that condition requiring proof of loss within 60 days. For reply the insured confessed the allegation and by way of avoidance set forth facts sufficient to constitute a waiver. Defendant, after moving for judgment on the pleadings, which was overruled, objected to the introduction of any evidence under the pleadings, which was

also overruled, evidence admitted, and exceptions duly saved. There was no error in this. That this was a departure there is no doubt, but neither method of assault called the court's attention to a departure in the reply, which could not be taken advantage of under our practice except by motion to strike, as the same is no ground for demurrer under our statute. 6 Enc. of Pl. & Pr. 468, lays down the general rule thus:

"In most of the United States departure may be taken advantage of by a general demurrer. In other states, however, it has been decided that advantage is to be taken of a departure in an opponent's pleading by a motion to strike out or by an objection to its filing"; citing authorities.

We have examined all the works available on code pleading, and in none of them find it laid down or intimated that this defect can be taken advantage of by objecting to the introduction of evidence under the pleadings. The only case called to our attention where it is so held is *Johnson v. State Bank of Seneca,* 59 Kan. 250, 52 Pac. 860, which, while admitting the general rule to be as stated, *supra,* cites no authority to support the rule laid down in that case, and we refuse to follow it. Rather will we follow the practice as indicated in a later case decided by that court in *Surety Co. v. Bragg,* 63 Kan. 291, 65 Pac. 272, in which was recognized the rule as stated in 6 Enc. Pl. & Pr., *supra.* in that case the pleadings were in a state identical with those in the case at bar, except that the reply was assailed for a departure by both a demurrer and a motion to strike. The former the court refused to consider because not filed in time. The latter was heard and overruled, which was so far held to be the proper practice that the same was not questioned. On appeal, the Supreme Court held that in failing to strike the reply the trial court erred, and for that reason reversed and remanded the cause for a new trial. In *Magruder v. Admire,* 4 Mo. App. 133, the court held the reply to be a departure, and that the trial court erred in refusing to strike it out. In *Freeman v. Speegle,* 83 Ala. 191, 3 South, 620, it is held that the proper mode of raising the question of departure is a motion to reject or to strike

from the files, and that the same could not be raised by demurrer, citing *Railroad v. Mallon,* 57 Ala. 168. See, also, *Morris v. Beebe et al.,* 54 Ala. 300: It is obvious that this is the better practice, as, in case the motion to strike is sustained, it calls attention sharply to the defect in the pleading and gives the plaintiff an opportunity to amend his petition before going to trial. It follows that, under the Code, as at common law, by failing to properly take advantage of the defect of departure, the same was waived by defendant on going to trial on the pleadings as they were. See *Kannaugh v. Quarrett Min. Co.,* 16 Colo. 341, 27 Pac. 245; citing Bliss on Code Pl. Sec. 396; Chitty Pl. (16th Ed.) p. 678; *Keay v. Goodwin,* 16 Mass. 1; *Andrus v. Waring,* 20 Johns. (N. Y.) 153; *New v. Wambach,* 42 Ind. 456. See, also, 6 En. Pl. & Pr. 470, which says:

"Objection to a departure must be taken before verdict, since it is a defect curable by a verdict. By taking issue upon a new case or defense which is material, all objection thereto on the ground of departure is waived, and cannot be raised after verdict."

We have examined the remaining assignments, but, finding no error, the judgment of the lower court is affirmed.

All the Justices concur.