**STUART v. GRAYSON et al.**

No. 6357—Opinion Filed Jan. 30, 1917.

(162 Pac. 956.)

**1. Pleading—Objections—Departure.**

The proper method of objecting to a departure in pleading, in this jurisdiction, is by a motion to strike.

**2. Same—Waiver of Defects.**

Where the petition alleged that certain conveyances were void because secured by fraud, and while the grantor was a minor, and the answer was a general denial and a cross-petition alleging the competency of the grantor to convey, and that the conveyances were made upon full and fair consideration, and a reply was filed alleging that only a small part of the purchase price for the land had been paid, and asking that, if the conveyance should be sustained, judgment for the balance of the purchase price be rendered, and that the same be declared to be a lien

upon the land, held, that the allegations of the reply constitute a departure, and that the same could not be taken advantage · of by objection to the introduction of evidence, or a demurrer to the evidence, and that the defendant waived the defect by failing to move to strike the reply, and by going to trial on the issues thus raised.

(Syllabus by Galbraith, C.)

Error from District Court, Hughes County; John Caruthers, Judge.

Action by Della Grayson against I. O. Stuart and others. There was judgment for plaintiff, and Stuart brings error. Affirmed.

Chas F. Runyan, for plaintiff in error.

J. L. Skinner, for defendants in error.

Opinion by GALBRAITH, C. This action was instituted in the trial court by Della Grayson, a freedman allottee, against the plaintiff in error and various other persons holding deeds of conveyances for parts of her allotment, for the cancellation of such conveyances on the ground that the same were void, and quieting the title to the land in herself. The cause was tried in April, 1912, and judgment rendered in favor of the plaintiff in accordance with the prayer of her petition. The plaintiff in error, Stuart, filed a motion to vacate that judgment so far as the conveyances under which he claimed were concerned, and asked that the cause be reopened and he be permitted to defend. While this motion was pending counsel for Stuart and the allottee entered into a stipulation in the cause to the effect that Stuart's motion should be sustained, and the judgment vacated as to him, and that the allottee be permitted to file a reply to Stuart's answer and cross-petition to the effect that the land claimed by Stuart was worth $2,500, and that he had only paid $100 of the purchase money, and was due $2,400 thereon, and that if the court should· sustain his deeds the allottee have judgment for the balance of the purchase price of the land, and that the same be declared a lien thereon. In pursuance of the stipulation a reply was filed by the allottee, on December 5, 1912. In February following Stuart filed an amended answer and cross-petition in the case, without making objection to the reply or the matter therein contained. The cause was tried at the succeeding March term upon the petition of the allottee, and the amended answer of Stuart and the reply of the allottee. The court found that Stuart's conveyances were valid, and that he had agreed to pay $2,500 for the land, and had only paid $100 thereon, and rendered judgment quieting title to the land in him, and judgment in favor of the allottee for the balance of the

purchase price unpaid, and making the same a lien upon the land and dividing the costs between the parties. Stuart filed motion for new trial, and saved exceptions to the denying of the same, and has appealed to this court.

There is but one assignment of error argued in the briefs, that is, that the reply filed by the allottee was a departure in pleading from the ground of recovery set out in her petition, and therefore the judgment rendered is not supported by the pleadings, and was without the issues and beyond the power of the court to render.

It is insisted on behalf of the plaintiff in error that the objection to the reply was raised, first, by objection to the introduction of evidence, and, second, by the demurrer to the plaintiff's evidence, and therefore the question is properly presented here for review. On the other hand, it is insisted on behalf of the allottee that if the matters set up in the reply constitute a departure, inasmuch as the reply was filed in pursuance of the stipulation of counsel and no objection was made thereto in the manner recognized by the practice in this jurisdiction, and by proceeding to trial without making the proper objection, the question was waived and cannot be raised in this court for the first time. We are inclined to agree with the contention that the matters set up in the reply constituted a departure. However, the practice is well settled in this jurisdiction that this irregularity in proceedings may be waived, and that it is waived unless a timely and proper objection is made thereto. St. Paul Fire & Marine Ins. Co. v. Mt. Park Stock Farm Co., 23 Okla. 79, 99 Pac. 647. It is equally well settled that this objection cannot be raised by a demurrer or the objection to the introduction of evidence. Merchants' & Planters' Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100, 42 L. R. A. (N. S.) 996. In the Marsh Case, supra, the court, after quoting at length from the earlier case in 23 Okla. 79, 99 Pac. 647, said:

"There is nothing to be added to the above. It stands as a careful, well-considered construction of the statute. It imposes no hardship on the pleader; in fact, it was announced to obviate hardship. If the pleader unthoughtedly falls into this error, the motion to strike, stating the grounds, calls his attention pointedly to his mistake, at a time when he can correct it and save his case. If he does not care to do so, but rather prefers, because disagreeing with the wisdom of the rule, to risk his case on the theory that the court will overturn the same upon further consideration, he ought not to complain if the court disappoints him by not doing so."

The record in the instant case fails to show that the plaintiff in error presented a motion to strike the reply, and therefore fails to show that he availed himself of the recognized method of objecting to a departure in pleading. By going to trial without raising the objection to the departure he waived the same and cannot raise the question for the first time in this court, as is here attempted to be done.

The evidence clearly shows that Stuart purchased the land of the allottee of the value of $2,500, and paid only $100 of the purchase price. The trial court found his deeds good, but required him to pay the balance of the purchase price of the land as a condition to quieting title in him.

The judgment of the trial court seems to be altogether just, and should be affirmed.

By the Court: It is so ordered.