## WAMPLER v. STEMEN et al.

No. 9936—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

**1. Pleading — Departure in Reply—Waiver of Defect.**

When the allegations of a reply constituted a departure, the same cannot be taken advantage of by objecting to the introduction of evidence under the pleadings, but defendant waives the defect by failing to move to strike the reply and going to trial on the issues thus raised.

**2. Subrogation — Foreclosure—Void Sale — Rights of Grantee of Purchaser.**

The grantee of a purchaser at a void judicial sale, where the grantee and the purchaser both acted in good faith and without notice of the irregularities in the proceedings, becomes the equitable assignee of the mortgagee, and where such grantee goes into the actual possession of the land under his deed from the purchaser, he occupies the position of a mortgagee in possession and is entitled to be subrogated to all the rights of the mortgagee.

**3. Same —Judgment—Evidence—Sufficiency.**

Upon examination of the entire record, held, the finding of the trial court and the judgment of the court is not clearly against the weight of the evidence, and therefore will not be reversed on appeal.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Samuel A. Stemen and another against H. M. Wampler and others to quiet title. Judgment for plaintiffs, and defendant named brings error. Affirmed.

Geo. B. Rittenhouse and P. T. McVay, for plaintiff in error.

Everest, Vaught & Brewer, for defendants in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by Samuel A. Stemen and William A. Hanshew against H. M. Wampler and 15 or 20 other defendants, to quiet title to certain real estate in Oklahoma county. The petition alleged plaintiffs were the owners and in pos-

session of said premises and the defendants claimed some right, title, and interest therein. It was further alleged that in proceeding No. 12040 in the district court of Oklahoma county, W. L. Alexander recovered judgment against W. H. Phillips and others for foreclosure of a mortgage upon the property in question, and upon proper order the property was advertised and sold at sheriff's sale to W. L. Alexander, and the sale confirmed, and a sheriff's deed was executed to W. L. Alexander, but the deed was not recorded and had been lost, and the plaintiffs prayed for an order requiring the present sheriff to execute a deed to Alexander in lieu of the lost deed, as the lost deed constituted a cloud in plaintiff's chain of title, and prayed that title be quieted against all the defendants.

A great number of defendants in the present action filed disclaimers, and others answered. The defendant H. M. Wampler filed an answer and cross-petition, alleging that on the 1st day of April, 1912, he procured judgment in the district court of Oklahoma county against I. M. Putnam, Gertrude Chaffee, W. H. Phillips, and the Putnam City Company, a corporation, then the owners of the land in case No. 10663, in the sum of $1,006.55, together with attorney fee and costs, and said judgment was a lien upon said premises now owned by plaintiffs; that he had never been made a party to any foreclosure proceedings; and prayed that plaintiffs take nothing and that his lien be declared a first lien upon the premises and the premises be ordered sold to satisfy his judgment lien.

Thereafter the cause came on for hearing as to all the defendants except as to the defendant Wampler, and continued as to Wampler, but tried as to all other defendants, and judgment was rendered against the other defendants quieting title in said premises in plaintiffs. In so far as the judgment related to the lost deed, the court found that on the 10th day of December, 1913, the sheriff had executed to Alexander a good and sufficient sheriff's deed to said property pursuant to the order of the court in the case of Alexander v. Phillips, and that the deed had been lost, and ordered that a new deed be executed.

The plaintiffs, after this judgment was rendered, replied to the answer and cross-petition of the defendant Wampler, admitting that Wampler had a judgment, but denied that the judgment was a lien on the land, and pleaded the further fact that on June 30, 1909, the then owner of the premises executed certain mortgages to John S. Montgomery, which were duly recorded, and

that John S. Montgomery, being the owner and holder of said mortgages, foreclosed said mortgages in the district court of Oklahoma county in case No. 14980, and recovered judgment against W. L. Alexander et al., foreclosing the mortgage upon said premises, and at the foreclosure sale John S. Montgomery purchased the land, and thereafter transferred the land to the plaintiffs by warranty deed. The reply admitted that the defendant Wampler was not a party to that proceeding, but alleged that if the judgment of Wampler was a valid judgment and lien on the land, the same was inferior to the mortgage of Montgomery, and that plaintiffs were the equitable assignees of the Montgomery mortgage and were mortgagees in possession, and offered to convey the premises to the defendant upon payment of the amount of judgment rendered in favor of Montgomery on his mortgage, with accrued interest. To this reply the defendant filed a general denial, and thereafter filed a further amended pleading, alleging that the plaintiff is estopped from claiming the mortgage lien was in force and effect and from denying the merger of the mortgage into the greater estate owned by plaintiffs.

At the trial of the case, the defendant objected to the introduction of any evidence under the pleadings, which objection was overruled. The only evidence introduced was record evidence, and the court made certain findings of fact and conclusions of law. The court found that the mortgage executed to Montgomery on June 30, 1909, was a valid and first lien upon the premises from the date of its execution; that the lien of said mortgage had never been foreclosed as to the defendant Wampler, and that Wampler's judgment was a lien on the premises, but the same was junior and inferior to the mortgage given to Montgomery.

The court further found that by virtue of the Montgomery mortgage having been foreclosed in a proceeding where Wampler was not a party, the foreclosure as to Wampler was void, but that Montgomery having purchased at his own sale and transferred the property by warranty deed to the plaintiffs, this amounted to an equitable assignment of the Montgomery mortgage, and the plaintiffs, being in possession, became subrogated to the rights of the mortgagee, John S. Montgomery, in the mortgage. The court decreed that the lien of Wampler be foreclosed on said premises, subject, however, to the rights of the plaintiffs under the Montgomery mortgage. From said judgment, the defendant Wampler has appealed.

For reversal, the plaintiff in error relies upon numerous assignments of error. The first contention of plaintiff in error is that the action of the plaintiffs in the first instance was an action to quiet title, and after the defendant had answered by cross-petition setting up his judgment, which was a lien upon said premises, that the plaintiffs could not by reply and without amending their petition set up a new cause of action asserting they were assignees of a purchaser at a void foreclosure sale and became assignees of the mortgage of John S. Montgomery, and thereby contend the mortgage was prior to the defendant's judgment, as this would be pleading a new cause of action in the reply. While the plaintiff in error does not denominate this a departure in the pleading of defendants in error, yet if his contention is correct, it would be a departure. If the pleading amounted to a departure, plaintiff in error's remedy was not by joining issue and going to trial upon said reply, but his remedy was by a motion to strike the allegation of the reply that amounted to a departure. Such is the holding of this court in the case of Chicago, R. I. & P. R. Co. v. Owens, 78 Okla. 50, 186 Pac. 1092, where this court stated as follows:

"When the allegations of the reply constituted a departure, the same could not be taken advantage of by objecting to the introduction of any evidence under the pleadings, and the defendant waived the defect by failing to move to strike the reply and going to trial on the issues thus raised."

See, also, St. Paul Fire & Marine Ins. Co. v. Mt. Park Stock Farm Co., 23 Okla. 79, 99 Pac. 647; Purcell v. Corder, 33 Okla. 68, 124 Pac. 457; Landon v. Morehead, 34 Okla. 701, 126 Pac. 1027.

It is next contended by plaintiff in error that the court erred in holding that the plaintiffs were the equitable assignees of the Montgomery mortgage, for the reason Montgomery was not a party to said proceeding. We think there is no merit in this contention. This court, in the case of Babcock v. Orcutt, 61 Okla. 139, 160 Pac. 729, announced the following rule:

"The grantee of a purchaser at a void judicial sale, where the grantee and the purchaser both acted in good faith and without notice of the irregularities in the proceedings, becomes the equitable assignee of the mortgagee, and where such grantee goes into the actual possession of the land under his deed from the purchaser, he occupies the position of a mortgagee in possession and entitled to be subrogated to all the rights of the mortgagee."

See, also, Capell v. Dill (Kan.) 109 Pac. 286; Harding v. Gillett, 25 Okla. 199, 107 Pac. 665; Wagg v. Herbert, 19 Okla. 525,

92 Pac. 250; Harrill v. Weer, 26 Okla. 313, 109 Pac. 539.

It is contended the land was not properly described in the Montgomery mortgage and in that foreclosure proceeding the court reformed the mortgage to properly describe the land in question, and it is contended this was error, for the reason that Phillips and Putnam, or the Putnam City Company, were not parties to that suit. This might be true if Phillips or Putnam or the Putnam City Company were the owners of the land, but the record discloses that the Phillips, Putnam, and the Putnam City Company interests had been foreclosed in the action brought by Alexander against Phillips et al. and their interest in the property was divested by foreclosure proceedings; and that Alexander was the owner of the property at the time of foreclosure proceedings, and being a party to said foreclosure proceeding, the court had authority to reform the mortgage.

The foreclosure proceeding of Montgomery was to foreclose a mortgage upon said premises executed in 1909. The judgment of plaintiff in error, which was a lien upon the property, was not rendered until 1912, or three years thereafter, and while the foreclosure of the Montgomery mortgage and the sale thereunder were void as to the plaintiff in error, the plaintiffs, being the grantees of the purchaser at said foreclosure sale, become the equitable assignees of said mortgage, and, being in actual possession of the premises, occupy the position of mortgagees in possession and are entitled to be subrogated to the rights of the mortgagee. This was the judgment of the trial court, and it is correct according to the previous decisions of this court. The judgment leaves the plaintiff in error with his judgment and lien upon the property, subject to the lien that existed at the time he obtained his judgment.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.