# KEY v. MIDLAND SAVINGS & LOAN CO. et al.

No. 19722. Opinion Filed Sept. 16, 1930.

Booth, Bailey & Gernert and Franklin H. Griggs, for plaintiff in error.

John D. Rogers and Mark L. Bozarth, for defendants in error.

HERR, C. This is an action originally brought in the district court of Okmulgee county by the Midland Savings & Loan Company against Luella Key, John E. Key, and George P. Reynolds, to recover on a first mortgage bond in the sum of $10,000 and to foreclose a mortgage, alleged to have been given by defendants Key, on certain real estate located in the town of Henryetta to secure the same.

The petition contains the allegations usual in such cases, and, in addition thereto, alleges that subsequent to the execution of the mortgage, defendants Key sold and transferred a portion of the property in question to George P. Reynolds, and that said Reynolds assumed and agreed to pay said mortgage. Luella Key, as a defense, by properly verified pleadings, pleaded that her signatures on the bond and mortgage were forged, and that her signature on the deed to Reynolds was also a forgery; and prayed that these instruments be cancelled and removed as a cloud on her title, and that title be quieted in her. The other defendants made no defense. The trial was to a jury, resulting in verdict and judgment thereon in favor of plaintiff. Defendant Luella Key appeals.

The first error assigned by defendant is that the court erred in overruling her motion for a directed verdict. This assignment is not well taken. Winfred Block, nee O'Hara, notary public before whom the mortgage was acknowledged, testified that Mrs. Key appeared before her in person and in her presence signed the bond and mortgage. Admittedly genuine signatures of Mrs. Key were also offered and admitted in evidence for comparison. There was also evidence offered tending to establish that Mrs. Key, with full knowledge of the existence of these instruments, and with full and complete knowledge of all facts, received, accepted, and retained the proceeds of the loan. Appellant testified that she signed neither of the instruments in question; that her signatures thereto were forged; that she was in the state of Arkansas at the time of the execution of the bond and mortgage.

This conflict in the evidence presented a question for the determination of the jury. Its finding was against defendant, and there is ample evidence to sustain the same. Under repeated holdings of this court, we are bound thereby.

It is next contended by defendant that she was prejudiced by the submission to the jury, over her objection, of collateral matters. It appears that plaintiff in its reply pleaded that appellant was estopped to deny her signatures on the bond and mortgage for the reason that, with full knowledge of all the facts, she accepted and received the proceeds of the loan. Evidence was admitted, over her objection, tending to establish the allegations of the reply. It is contended that the reply is a departure from the cause of action originally pleaded, and that the evidence was, for this reason, improperly admitted. We cannot agree with this contention. This question cannot be raised in this manner, but should be raised by a motion to strike the reply. Merchants & Planters Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100; St. P., F. & M. Ins. Co. v. Mountain Park Stock Farm Co., 23 Okla. 79, 99 Pac. 647. If there was a departure, which we do not decide, the same was waived by defendant.

It appears that, at the time the mortgage in question was executed, there was a prior mortgage against a portion of the premises in the sum of $5,000 which, on its face, appears to have been executed by Mr. and Mrs. Key; that a portion of the proceeds of the loan in question was used in procuring a release of this mortgage, and the balance deposited in the bank to the credit of defendant John E. Key; and that both he and Mrs. Key drew checks on this deposit. It was also shown that, subsequent to the execution of the mortgage in question, a portion of the premises here involved was deeded by defendants Key to George P. Reynolds, and that said Reynolds assumed and agreed to pay the mortgage.

It was also contended by appellant that her signature to both these instruments was forged, and she objected to their introduction in evidence on the ground that their execution had not been proved. The objection was properly overruled. These instruments were properly acknowledged and recorded, and, therefore, admissible under section 5267, C. O. S. 1921, without further proof of their exception. See, also, Dyal v. Norton, 47 Okla. 794, 150 Pac. 703. Moreover, defendant's admittedly genuine signatures were offered in evidence, and it was for the jury to say, from all the evidence, whether her signatures on these instruments were genuine or forgeries. The same may be said as to appellant's purported endorsement on the draft remitting the proceeds and other papers purporting to bear her signature in connection with this transaction.

Evidence was admitted to the effect that John E. Key, husband of appellant, looked after her separate property, made sales thereof, collected rents and royalties, de-

posited the money therefrom to his credit in the bank, and that both drew checks against the same. Defendant Mrs. Key so testified without objection. She denied, however, that she had any knowledge that the proceeds derived from this loan were deposited in the bank.

Evidence was also admitted that taxes on the premises conveyed to defendant Reynolds were in default at the time of filing the suit, in approximately the sum of $1,000, and that plaintiff paid the same; that appellant made no effort to collect rents and profits arising from the property from the time of execution of the deed, nor during this period did she exercise control over the property. This evidence was offered as a circumstance, and for the purpose of showing a course of conduct and dealing between defendant and her husband, from which the inference might be drawn that appellant knew of the existence of the mortgage in question and the circumstances surrounding its execution, and with this knowledge received, accepted, and retained the proceeds of the loan.

As to whether the evidence offered is sufficient to establish this fact, we need not here determine, as no motion was made to take this issue from the jury on the ground of insufficiency of the evidence. We are only dealing with the competency thereof.

It is argued that the evidence was incompetent, and, therefore, erroneously admitted. We think it was properly admitted under section 5247, C. O. S. 1921, which provides:

"Any person or corporation having knowingly received and accepted the benefits or any part thereof of any conveyance, mortgage, or contract relating to real estate, shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves."

Under the above section, if appellant, with full knowledge of the existence of this mortgage, and with full and complete knowledge of all the facts, received and accepted the proceeds thereof, she is estopped to deny its validity. This evidence was properly admitted as circumstances tending to establish an estoppel.

Complaint is made as to the admission of certain letters written by defendants Reynolds and John E. Key to plaintiff.

These letters were not binding on Luella Key and should not have been admitted as against her. They were, however, competent for the purpose of showing that defendant Reynolds assumed the mortgage. The jury should have been so advised. We fail to see, however, how appellant could, in any wise, have been prejudiced by the admission of these letters. Their reception as against her does not constitute reversible error.

It is finally urged by appellant that the court erred in refusing her requested instructions Nos. 1, 2, and 3.

No. 1 was to the effect that, in the event the jury found that the signatures on the bond and mortgage were not her genuine signatures, the verdict should be for defendant. This request, under issues as raised by the pleadings and evidence as above discussed, was properly refused, as it entirely omitted the question of estoppel.

Numbers 2 and 3 were, in substance, given in the general charge, and were to the effect that if the plaintiff failed to establish that the signatures in question were the genuine signatures of the defendant, plaintiff could not recover unless it further establish, by a preponderance of the evidence, that appellant, with full and complete knowledge of all the facts and circumstances, received and accepted the benefits of the proceeds of the loan. Having given the substance of these special requests in the general charge, there was no error in refusing the same.

No other errors having been assigned, the judgment should be affirmed.

BENNETT, DIFFENDAFFER, HALL, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Acknowledgments," 1 C. J. §73, p. 780, n. 4. "Mortgages," 41 C. J. §272, p. 418, n. 29; §326, p. 443, n. 76. "Pleading," 49 C. J. §515, p. 408, n. 98; §1007, p. 713, n. 13. "Trial," 38 Cyc. p. 1711, n. 19.