## JAMES v. WHITE.

No. 20801. Opinion Filed June 2, 1931.

Rehearing Denied June 30, 1931.

Hargis & Yarbrough, for plaintiff in error.

H. P. White, in pro. per.

CLARK, V. C. J. This action was instituted in the district court of Osage county by the defendant in error, as plaintiff, to recover attorney fees alleged to be due plaintiff from defendant.

The petition filed alleges an oral contract between plaintiff and defendant for a contingent fee, fixing the amount thereof at 15 per cent. of the amount of recovery. The defendant answered and denied the contract. The plaintiff replied setting up his right of recovery on a quantum meruit basis. Upon the issues thus framed, the cause proceeded to trial without the question of departure from the theory of right to recover as set forth in the petition by that of the reply. Evidence was introduced upon both

the theory of contract and quantum meruit. The jury was instructed on both theories of the case, a verdict returned for the plaintiff, and judgment rendered thereon. From this judgment, defendant appeals.

The defendant in error has filed his motion in this cause and moves the court to affirm the judgment appealed from upon the record and brief of plaintiff in error, for the reason that the appeal is without merit, as shown by the record and briefs of plaintiff in error.

The principal question raised by plaintiff in error in her brief is that the court erred in permitting testimony and instructing the jury on the issue raised by reply of plaintiff below for the reason the same was a departure from the cause of action stated in the petition, and that the verdict of the jury and the judgment of the court thereon were contrary to the contention of plaintiff as stated in plaintiff's petition.

This court has held that where the allegation in a reply constitutes a departure, the objection must be raised by a motion to strike, and by going to trial without such objection the question of departure is waived. St. Paul Fire & Marine Insurance Co. v. Mountain Park Stock Farm, 23 Okla. 79, 99 Pac. 647; Purcell v. Corder, 33 Okla. 68, 124 Pac. 457; Stuart v. Grayson, 65 Okla. 58, 162 Pac. 956; Wilson v. Jones, 67 Okla. 6, 168 Pac. 194; Chicago, Rock Island & Pac. Ry. Co. v. Owen, Adm'r, 78 Okla. 50, 186 Pac. 1092; Wamplet v. Steman, 80 Okla. 240, 195 Pac. 764; Key v. Midland Valley Savings & Loan Co., 145 Okla. 79, 291 Pac. 573.

It follows that it was not error to admit evidence and to instruct the jury on the theory of the case as alleged in the reply. Key v. Midland Savings & Loan Co., supra. We have examined the evidence upon which the verdict of the jury and the judgment of the court are based, and upon motion of the defendant in error the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.