## LEEPER et al. v. PATTON.

No. 11184—Opinion Filed May 15, 1923.

1. **Abstracts of Title—Care Required of Abstracters.**

Section 3610, Comp. Stat. 1921, requires a high degree of care on the part of abstracters to show truthfully the state and condition of the title to property when they accept employment and prepare such abstract.

2. **Same—Liability on Bond.**

An abstracter and his bondsman are jointly liable to any person damaged by reason of the abstracter failing to show the true condition of the title to property abstracted.

3. **Appeal and Error—Modification of Judgment.**

Where a verdict and judgment in a damage suit itemizes the damages allowed, and some of the amounts are not justified under any view of the evidence, but the other amounts allowed seem to have been proper, the court being able to separate the legal from the illegal allowance, the judgment of the court below will be modified and affirmed as to the amount legally recoverable.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Adair County; E. B. Arnold, Judge.

Action by J. A. Patton against John H. Leeper and another on abstracter's liability. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

R. Y. Nance, for plaintiffs in error.

W. A. Woodruff, for defendant in error.

Opinion by SHACKELFORD, C. This action was commenced July 30, 1919, in the district court of Adair county, Oklahoma, by the defendant in error, J. A. Patton, against John H. Leeper, a bonded abstracter, and the American Surety Company of New York, surety on his bond, plaintiffs in error here.

The plaintiff in the case in the court below, J. A. Patton, sought to recover actual and exemplary damages against John H. Leeper and his surety, the American

Surety Company, because of what plaintiff alleges was a false certificate of the said abstracter to an abstract of title to certain property purchased by the said J. A. Patton. This cause was tried to a jury on the 22nd day of October, 1919, and resulted in a verdict and judgment in favor of the plaintiff, J. A. Patton, against both the defendants, for the sum of $82.19 actual damages, and against the defendant John H. Leeper for the sum of $50 exemplary damages, from which verdict and judgment both defendants appeal and the cause is here regularly for review.

It appears that the plaintiff, J. A. Patton, entered into an agreement with the owner of lot 1 in block 14, in the town of Stilwell, to buy said property on the condition that the title to said lot was free and clear of all taxes or other incumbrances, and required the grantor to furnish an abstract, and the defendant John H. Leeper was employed to furnish the abstract. In due course abstract was furnished Patton for examination and the certificate showed certain taxes unpaid, and thereafter Patton's grantor paid such taxes and the abstractor made a certificate showing the property free and clear. This certificate bears date of October 2, 1918. After the deal was completed, and sometime prior to the 18th day of February, 1919, Patton received information that the last half of taxes for 1915 and for the year 1916 were unpaid, and that the property was sold in November, 1916, for the last half of taxes for the year 1915. That on the date above referred to Patton redeemed from such sale, and paid the taxes for 1916, amounting to $82.19, for which the grantor and the abstracter failed to make settlement, and this suit was filed.

The first assignment of error upon which the plaintiffs in error rely for a reversal is that the court erred in overruling their motion to strike from plaintiff's petition, paragraphs 13, 14 and 15. The plaintiff by paragraph 13 sought to recover as actual damages, $30 per day for five days devoted to trying to get a settlement of the matter before filing suit. By paragraph 14, he sought to recover $35 actual damages as a reasonable attorney's fee to compensate his attorney for attemp ing to get such settlement, and by paragraph 15 he sought to recover exemplary damages against both the defendants.

The view we take of this case is that if this ruling of the court was error, it was cured in so far as paragraphs 13 and 14 are concerned, since the court in his instruc-

tions limited the amount of actual damages to the amount actually expended to redeem from the tax sale and pay the taxes for the year 1916. As to the ruling of the court on paragraph 15, if in error, the court cured same as to defendant surety company by limiting the recovery of exemplary damages as against the abstracter only.

Under the proof in this case, it was error to submit the question of exemplary damages to the jury, but we are of the opinion, and so hold, that it was not such error as would necessarily work a reversal of this case to the extent of remanding it for a new trial.

Section 3610, Comp. Stats. 1921, in force at the time of this occurrence, fixes the duties and liabilities of abstracters in the state of Oklahoma, and makes them and their bondsmen liable for actual damages that may accrue by reason of any false certificate, whether there is any privity of contract or not. This section requires a high degree of care upon the part of the abstracter to disclose truthfully the state of the title.

In this case it appears that the abstracter failed to show truthfully the state and condition of the title to lot 1 in block 14 in the town of Stilwell, in that he failed to disclose that the property was sold for taxes for the last half of 1915, and did not appear on the tax rolls for the year 1916. It was as much the duty of the abstracter to show that the property was not on the tax rolls for 1916 as it was to show that the taxes were unpaid for any year, or that there had been a tax sale for the taxes for the last half of 1915. Failing in this, he did not exercise the degree of care required by the section of our Code above referred to.

We have carefully examined the other assignments of error and conclude that there is little or no merit in them worthy of further comment. Aside from the question of exemplary damages, the instructions of the court clearly submitted the law of the case to the jury, and some of those complained of were more favorable to defendants than they were entitled to.

The jury returned a verdict in favor of plaintiff for the sum of $82.19, actual damages against both defendants, and for the sum of $50, exemplary damages against the defendant John H. Leeper. The actual damages were the amount of money required to redeem from the tax sale and to pay the taxes for the year 1916. The judgment of the court was for such actual damages

against both defendants, and for the further sum of $50 exemplary damages against the defendant John H. Leeper. Thus the actual damages and the exemplary damages were separated in both the verdict of the jury and the judgment of the court. We hold that the proof in this case does not show such conduct upon the part of the abstracter, John H. Leeper, of "oppression, fraud or malice, actual or presumed," as would entitle plaintiff, under the provisions of section 5975, Comp. Stats. 1921, to have submitted to the jury the question of exemplary damages, or to entitle him to recover such damages, but the amount of actual damages and the amount of exemplary damages being separately itemized in the judgment so that they are readily distinguishable, the error in submitting that question to the jury would not necessarily work a reversal of this case.

In the case of Haskell National Bank v. Stewart et al., 76 Okla. 58, 184 Pac. 463, Mr. Justice McNeill, speaking for the court upon a similar proposition, cited with approval the case of St. L. & S. F. R. Co. v. Good, 42 Okla. 785, 142 Pac. 1185, where the court said:

"Where a verdict in a damage suit itemizes the damages allowed, and some of the amounts are not justified under any view of the evidence, but the other amounts allowed seem to have been proper, the court being able to separate the legal from the illegal allowance, plaintiff will be offered the right to remit the amount he is not entitled to receive."

The conclusion we have reached in this case is that the amount of actual damages in the amount of the actual cost of redemption from the tax sale and the taxes for the year 1916, the total sum of $82.19, was a proper charge against both defendants, but that the exemplary damages for which judgment was rendered was not a proper charge. Under the authority above stated, the two elements of damages being easily distinguishable, the legal portion from the illegal portion, it would not be necessary to remand this cause for a new trial.

In Chicago, R. I. & P. R. Co. v. Owens, 78 Okla. 50, 186 Pac. 1092, Mr. Justice McNeill, speaking for the court, said:

"Under our statutes and the decisions of our court, it is not all errors that will cause a reversal of the case."

And further along in the opinion he said:

"We therefore hold from the state of the pleadings, that there was no issue raised to sustain a cause of action for conscious pain and suffering, and it was error to submit this question to the jury; but the jury having found the amount of damages for this cause of action separate from the other item of damages, it does not require the reversal of the case, but that portion of the damages must be disregarded."

In that case the court modified the judgment, and affirmed it as to the legal portion thereof.

Following the rule laid down in that case, we recommend that the judgment of the court below be modified to the extent of reducing the amount of damages to $82.19, properly recoverable in this case, and with this modification that this cause be in all things affirmed as to the amount of actual damages in the sum of $82.19, with interest at 6 per cent. per annum from the date of the rendition of the judgment, with costs.

By the Court: It is so ordered.