### SIMPSON v. BUTTS.

No. 14795—Opinion Filed May 13, 1924.

**1. Courts—Court of Common Pleas—Creative Act—Constitutionality.**

The Act of the Legislature of the 1923 regular session (chap. 51, Sess. Laws 1923) creating a common pleas court in the city of Tulsa and other like cities, is not in contravention of section 59, art. 5, Constitution of Oklahoma (Williams), except as to section two of the act. Levine et al. v. Allen et al., 96 Okla. 252, 221 Pac. 771.

**2. Chattel Mortgages—Foreclosure — Attorney's Fees.**

Attorney fees in chattel mortgage foreclosures as a part of the costs is a matter of contract and cannot be allowed unless expressly provided for in the instruments.

**3. Same—"Expenses Attending the Taking and Selling Property."**

Where a chattel mortgage carries a provision that "out of the proceeds retain the amount then owing on said note, together with the expenses attending the taking and selling of said property," the words "expenses attending the taking and selling of said property" refer to court expense and such other expense as may be incurred in an action for possession of the property, and such expense as is incurred in advertising and selling the property according to the provisions of the mortgage or as provided by law.

**4. Same—Replevin by Mortgagee—Alternative Judgment.**

Where the plaintiff brings a replevin suit for property, for the purpose of foreclosing his chattel mortgage thereon, and includes in his petition an item of indebtedness on open account, not covered and secured by the chattel mortgage, it is error for the court to include such item of open account in the alternative judgment.

**5. Same—Modification and Affirmance.**

Record examined, and held, that the judgment should be modified and affirmed, with costs of the appeal to the defendant in error.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from Court of Common Pleas, Tulsa County; Saul A. Yeager, Judge.

Action by J. Arch Butts against T. A. Simpson for replevin of an automobile. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

F. G. Viger, for plaintiff in error.

Robinett & Ford, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to as plaintiff and defendant as they appeared in the trial court. This is an action by J. Arch Butts, as plaintiff, against T. A. Simpson, in replevin and to foreclose a chattel mortgage. The facts, as shown by the record are substantially as follows: The defendant, T. A. Simpson, is a resident of Tulsa, Okla., and while working on a well in the state of Kansas, on or about June 17, 1922, bought from the plaintiff, who is a resident if Wichita, Kan., a five passenger, model 2245 Buick touring car, motor number 830300, for the sum of $1,167. A note secured by a chattel mortgage on said car was given by defendant to plaintiff covering the purchase price of the car, the note providing that payments were to be made at the rate of $250 per month for four months and $167, the balance, on the fifth month from date of purchase. The defendant made payments in the sum of $750 and defaulted on the fourth payment. At about that time he left the state of Kansas, returning to his home in Tulsa. On March 9, 1923, plaintiff filed his petition in the court of common pleas praying for the recovery of said automobile or the sum of $417, the amount due on the purchase price of said car, $32.80 interest, an open account of $72.21, and $150 attorney fees. Affidavit for replevin was filed and writ of replevin issued under which the sheriff took possession of the car. A redelivery bond was executed by defendant

and the car returned to his possession. Thereafter defendant demurred to plaintiff's petition, which demurrer was overruled, and defendant filed answer in the form of a general denial. The cause was tried without the intervention of a jury, and judgment rendered in favor of the plaintiff in the sum of $417, the amount due on the note, with interest in the sum of $38.75; for the sum of $72.21 upon an open account; for the sum of $61.66, the expense of Dan Hosmer in his efforts to recover said car; $25 for expense of Ralph Tomb in his expense to recover said car, and $100 as attorney's fee; in all amounting to $714.62; and decreed said sum to be a lien upon the automobile covered by the chattel mortgage. From this judgment defendant has appealed to this court.

Defendant first complains that the court erred in overruling his demurrer to the plaintiff's petition, the grounds of said demurrer being that the court of common pleas had no jurisdiction to proceed with the action for the reason that the act creating the said court of common pleas of Tulsa county is repugnant to the Constitution of the state of Oklahoma and wholly void. This court has recently had occasion to pass upon the constitutionality of chapter 51, Session Laws 1923, which is the act creating the court of common pleas of Tulsa county and has upheld the validity of the act with the exception of section two thereof. In Levine et al. v. Allen et al., decided by this court on December 18, 1923, 96 Okla. 252, 221 Pac. 771, it is said:

"Section 1, of chapter 51, Sess. Laws 1923, creating a court of common pleas in all counties of the state having a city therein of over seventy-two thousand population and not more than ninety thousand population, according to the last preceding federal census, defining its jurisdiction and prescribing the number and qualification of its judges, does not violate sec. 59, art. 5, Williams' Contitution."

And further along in the body of the opinion it is said:

"By virtue of this expression of the legislative purpose, the validity of the act, with the exception of section 2 thereof, may be upheld."

Therefore, under authority of Levine et al. v. Allen et al., supra, it is concluded that the court did not err in overruling defendant's demurrer to plaintiff's petition.

Defendant next contends that the court erred in rendering judgment for plaintiff for attorney's fees in the sum of $100. We are of the opinion that this contention must be sustained. Neither the note or mortgage involved herein make any provision for the payment of attorney fees. The provisions of the mortgage upon which the plaintiff relies to entitle him to recover attorney fees is as follows:

"* * * If default in the payment of said note, or any part thereof shall be made when the same becomes due, or if the above described property or any part thereof shall be disposed of or removed from Sedgwick county, Kansas, or should any attempt be made to dispose of or remove said property from said county, or if, at any time the said J. Arch Butts shall deem himself insecure, he is hereby authorized to move or sell the same at public or private sale, with or without notice, and out of the proceeds retain the amount then owing on said note, together with the expenses attending the taking and selling of said property. * * *"

The plaintiff cites cases from Iowa and New York to the effect that the word "expenses" as used in the above provision in the mortgage should be construed to include reasonable attorney's fees. These authorities are not in point for the reason that we have a specific statute relating to attorney's fees in cases wherein chattel mortgages are sought to be foreclosed. Section 7649, Comp. Stat. 1921, provides:

"Such attorney fee as shall be specified in the mortgage may be taxed and made a part of the costs of foreclosure; provided, that such mortgage is foreclosed by an attorney of record of this state, and the name of such attorney appear as attorney on the notice of sale, and in no other cases shall an attorney fee be allowed."

Our attention has not been called to any Kansas statute to the contrary, nor has any case from the Kansas court been cited in support of the contentions, nor is it anywhere in the brief suggested that the contract should be construed according to the laws of Kansas, and that a different practice from our own has been adopted there in such matters. It seems never to have been suggested at the trial that the instruments relied upon should be construed according to the laws of Kansas, since it was in that state where the contract was made, or that rules in such matters in that state are different from our own.

From the section of our statute quoted above, it is patent that the Legislature intended that attorney fees should only be taxed as a part of the costs of foreclosure where the mortgage specifically provides for the same. The language is plain and unmistakable:

"Such attorney fee as shall be specified in the mortgage may be taxed * * * and in no other cases shall an attorney fee be allowed."

Since neither the note nor mortgage involved in this action make any provision for attorney fees, it is concluded by authority of the section of the statute, supra, that the court erred in rendering judgment against defendant for the sum of $100 as attorney fees in this cause.

Again, it is contended by defendant that the court erred in rendering judgment for the sum of $61.66 for the expense of Dan Hosmer, and $25 for the expense of Ralph Tomb in their efforts to recover the car in question. It apepars that these items covered the expense of the two above named parties in making trips from Kansas to Oklahoma in an attempt to recover the car. Part of it is for a trip to Oklahoma City with reference to a criminal charge against defendant for removing the property from the state of Kansas without the consent of the mortgagee. We do not interpret the clause in the chattel mortgage, "together with the expense attending the taking and selling of said property" as permitting a recovery of expense items of the nature of those enumerated above. Such an interpretation would have the effect of leaving the plaintiff free to incur any amount of expense in an effort to obtain possession of the property covered by the mortgage. Under the laws of this state two methods of procedure were open to the plaintiff in the collection of the debt evidenced by the chattel mortgage herein involved. The mortgage could be foreclosed by advertisement and the posting of notices; or, as was done in this instance, by proceeding under the Civil Code. The plaintiff having elected to proceed under the provisions of the civil code, we think that the provision in the mortgage "together with the expenses attending the taking and selling of said property" has reference to the actual expense of the court procedure. We think that the reasonable construction of this provision is that it was intended that plaintiff should recover the expense attending the taking and selling of the property in the manner prescribed by law. If the foreclosure was had by advertising plaintiff would be entitled to recover the actual cost of the advertising and selling of the property; and if, as in the instant case, under foreclosure under the provisions of the Civil Code plaintiff would be entitled to recover the expenses incident to the action, including court costs, sheriff's fees, etc. We therefore conclude that the court erred in rendering judgment for plaintiff for the said sum of $61.66 for expense of Dan Hosmer, and $25 for the expense of Ralph Tomb, totaling $86.66.

The defendant assigns as error that the court included in the judgment the amount of $72.21 on open account. It seems that this amount was included in the judgment which is the aggregate of all the items, and the judgment was rendered in the alternative for the gross amount of the items or the return of the car. This was in effect making this item on open account a lien upon the car. This was error. The item of open account ought not to have been made a part of the alternative judgment. No question seems to have been raised that there was a misjoinder of causes of action by including the item of open account. The suit is in replevin for possession of specific personal property based upon a special ownership therein created by a chattel mortgage; but the chattel mortgage does not appear to have been given to secure the open account.

The portions of the judgment entered against the defendant for $100 attorney fee; $61.60 for expense of Dan Hosmer; $25 for expense of Ralph Tomb, and for the sum of $72.21 on open account, and in effect declaring them to be a lien upon the mortgaged property are erroneous and cannot be upheld. The judgment otherwise seems to be correct.

Where the items of a judgment are kept separate, and some of them are correct, and others are erroneous, this court is not required to reverse the judgment; but has authority to modify the judgment of the trial court by striking out the erroneous portions thereof and affirming the judgment as to the correct portions. Chicago, R. I. & P. Ry. Co. v. Owens, 78 Okla. 50, 186 Pac. 1092; Leeper et al. v. Patton, 91 Okla. 12, 215 Pac. 421.

The judgment of the trial court should be modified to the extent of striking out the attorney fee of $100, the $61.60 item for expense of Dan Hosmer, the $25 item of expense of Ralph Tomb, and the $72.21 on open, unsecured account.

With this modification we recommend an affirmance of the judgment; the costs of this appeal to be charged to the defendant in error.

By the Court: It is so ordered.