### ENID CONCRETE PIPE & STONE CO. v. MANN, Adm'x, et al.

No. 24346. Oct. 22, 1935.

G. A. Paul, Shirk, Danner & Phelps, and Charles E. Earnhart, for plaintiff in error.

Tomerlin, Chandler & Shelton and Elmer L. Fulton, for defendants in error.

RILEY, J. The principal question involved in this case as between the plaintiff and the New York Casualty Company of New York is identical with that presented in the case of New York Casualty Company of N. Y. v.

Wallace & Tiernan, 174 Okla. 278, 50 P. (2d) 176.

Therein it was held that the superadded stipulations limiting the liability of a surety on a bond required by section 10983, O. S. 1931, to indebtedness incurred for labor and material which might become the basis of liens against property and the real estate upon which it is situated, all being property of the city, must be disregarded in a suit by a materialman on the bond.

The law as announced in that case must govern in this case. It follows that the trial court erred in sustaining the demurrer to plaintiff's evidence.

The separate demurrer of defendant Florence M. Mann, as administratrix of the estate of J. D. Mann, deceased, to the evidence of plaintiff was well taken, but for a different reason. There may have been a liability of J. D. Mann in his lifetime on the bond, or a liability against him on his contract of purchase of the material involved, without any bond. But in order to maintain an action against an estate, the holder of a claim must first present it to the executor or administrator. Section 1242, C. O. S. 1921, sec. 1241, O. S. 1931; Bilby v. Hart-Parr Co., 102 Okla. 53, 226 P. 360.

The judgment as to the New York Casualty Company is reversed and the cause is remanded for a new trial. The judgment as to Florence M. Mann, administratrix, is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur. WELCH, J., dissenting. PHELPS, J., not participating. BAYLESS, J., absent.