KUNKEL PLUMBING AND HEATING COMPANY, a corporation, Plaintiff in Error,

v.

Claud ESTES, Defendant in Error.

No. 38454.

Supreme Court of Oklahoma.

Nov. 3, 1959.

186

Bailey & Whitlock, Norman, for plaintiff in error.

Ben Huey, Norman, for defendant in error.

IRWIN, Justice.

This is an action for a money judgment on a written contract which plaintiff alleged it entered into with defendant for the sale and installation of a heating unit in defendant's new home. Plaintiff alleged it had fully complied with the terms of the contract and there was due and owing $800, the amount specified in the contract, all of which defendant neglected and refused to pay.

Defendant answered alleging both express warranties and implied fitness; violation of both warranties because the heating unit did not function properly. Defendant also filed a cross petition alleging breach of warranty and that the heating unit was worth only $400 at the time of installation. He further alleged the unit did not operate satisfactorily; that moisture collected which materially damaged his home and he had expended $785 for labor, repairs and modification of the faulty unit and $100 for insulating the ground beneath his home. Plaintiff replied, denying the allegations of defendant's answer and cross petition.

The case was tried to a jury which itemized the damages and returned a verdict for defendant for $368, allowing $768 for labor and repairs expended by him and deducting therefrom $400, the jury's itemized value of the heating unit. After a motion for new trial was overruled, plaintiff perfected this appeal.

In this appeal plaintiff does not complain of that portion of the verdict and judgment relating to the $768 for labor and repairs, but does contend that the defendant offered no evidence as to the value of the heating unit and urges its value at that time was as a matter of law, presumed to have been the contract price of $800. The defendant contends the evidence is sufficient to sustain the verdict and judgment and said judgment should be affirmed. In this connection defendant relies upon Henry v. Hope, Okl., 317 P.2d 239, wherein we said a jury verdict which is supported by any reasonable evidence will not be disturbed on appeal by this court.

This court will not disturb a jury verdict which is supported by any reasonable evidence; however, a jury verdict wholly unsupported by any competent evidence and clearly contrary to all the competent evidence will not be permitted to stand. See Riedt v. Winters Drug Co., 191 Okl. 264, 128 P.2d 1008; State ex rel. Williamson v. Knight, 192 Okl. 573, 137 P.2d 894; Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362; Riddle v. Garner, 175 Okl. 325, 52 P.2d 837; Shell Oil Co. v. Blubaugh, 199 Okl. 353, 185 P.2d 959; Spaulding Mfg. Co. v. Cooksey, 34 Okl. 790, 127 P. 414; Howard v. Farrar, 28 Okl. 490, 114 P. 695; and Puls v. Casey, 18 Okl. 142, 92 P. 388.

The evidence discloses plaintiff introduced the written contract and testified the heating unit was a good piece of equipment and established the contract price of $800. Defendant introduced evidence relating to the defective installation of the heating unit and his cost expended for labor, repairs and modification of the unit to sustain the verdict and judgment of $768 in damages. However, we have carefully reviewed the evidence offered on behalf of the defendant and are unable to find where any of defendant's witnesses, including the defendant, testified as to the value of the heating unit when it was installed or that it was of less value than $800, the contract price. There being no competent evidence that the value of the heating unit was less than the contract price, and there being competent evidence to the contrary, that portion of the verdict and judgment placing the value of the unit at $400 cannot stand.

When the verdict of the jury and the judgment entered thereon separately

state the different items of damage, some of which are correct and one or more erroneous, this court is not required to reverse the judgment and direct a new trial but has authority to modify the judgment of the trial court by striking therefrom the erroneous portion or portions and entering judgment for the correct amount. See Leeper v. Patton, 91 Okl. 12, 215 P. 421; Simpson v. Butts, 99 Okl. 168, 226 P. 332; Spaulding Mfg. Co. v. Cooksey, supra; and Busboom v. Smith, 199 Okl. 688, 191 P.2d 198.

The judgment of the trial court is therefore modified by striking therefrom the item of $400, the value allowed plaintiff for the heating unit by the verdict and judgment, and allowing the full contract price of $800, such amount to be offset by the remaining judgment in favor of defendant for $768, and judgment is entered in favor of the plaintiff for $32, and as so modified, the judgment is affirmed.