ABSTRACTING — SURETY Under 1 O.S. 1 [1-1] (1971), a surety can include a provision within the abstractor's bond that the liability of the surety is not to exceed the sum of five thousand dollars. The Attorney General's Office is in receipt of your opinion request wherein you ask the following question: "Under the provisions of Title 1 O.S. 1 [1-1] (1971), can a surety include a provision within the abstracter's bond that the liability of the surety is not to exceed the sum of $5,000 regardless of the number of defaults or injury to any persons or county?" Title 1 O.S. 1 [1-1] (1971) states: "It shall be unlawful for any person, firm or corporation to hold themselves out as abstracters and to engage in the business of abstracting title to real estate in any of the counties of the State of Oklahoma, without first having executed and filed with the county clerk of the county in which said person, firm or corporation intends to engage in the business of abstracting, a bond, to be approved by the board of county commissioners of said county, with three or more good and sufficient sureties residing in the county and worth not less than double the amount of the bond owner and above all debts, liabilities and exemptions, or a duly authorized guaranty company, in the sum of five thousand dollars, conditioned that he will properly demean himself in the business of abstracting, and will pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him, and will in no way mutilate, deface or destroy any of the records of the several offices to which he may have access, and that he will not in any way interfere with, hinder or delay the several county officers in the discharge of their duties while using said records in the prosecution of said business of abstracting: Provided, however, that the records shall in no case be taken from the county office to which they belong. The person, firm or corporation who shall execute and file said bond of five thousand dollars for said purpose, shall, together with the sureties thereon, be liable on said bond to the State of Oklahoma in the penalty of one hundred dollars; and to any county or person who shall be in any way damaged by any mutilation, injury or destruction of any record of the several county offices to which he may have access, to the amount of damage actually done said county or person; and to any person or persons for whom he may compile, make or furnish abstracts of title, and to any person who may be misled to his damage by reason of such imperfect or false abstract, to the amount of damage done to said person or persons by any incompleteness, imperfection or error made by said person, firm or corporation in compiling said abstract." It is quite clear from the above-quoted statute that a bond, in the amount of five thousand dollars, is required in order for somebody to engage in an abstracting business. The statutes further state that that same individual will pay all damages that may accrue to any person by reason of any incompleteness, imperfection or error in the abstract. Therefore, the specific issue raised in your question is whether a surety is limited in the statutory amount of five thousand dollars or whether the surety has unlimited liability. The cases cited under 1 O.S. 1 [1-1] (1971), do not reach the question of whether a surety is liable over and above the amount required in the statute, i.e. a five thousand dollar bond. In Leeper v. Patton, 215 P. 421 (1923) the court stated that Section 3610 (now Section 1 of Title 1) of the complied Oklahoma Statutes, 1921, affixes the duty and liabilities of abstractors in the State of Oklahoma and makes them and their bondsman liable for actual damages that may accrue by reason of any false certificate, whether there is a private contract or not. This case returns a verdict in the sum of $82.92 actual damages and the sum of $50 for exemplary damages. The court did not reach the question of whether a surety would be liable for an amount in excess of five thousand dollars. Likewise, in the case of National Life and Accident Insurance Company v. Parkison,136 F.2d 506 (1943), the District Court stated that 1 O.S. 1 [1-1] (1971), as construed by the Oklahoma courts, provided that an abstractor and his statutory bondsman shall be liable for all damages accruing to any person by reason of any incompleteness, imperfections or errors in any abstract and cited in support of this premise Sackett v. Rose, 154 P. 1177 (1921) and Leeper v. Patton, supra. Again the court did not reach the determination of whether a surety was vital for amount in excess of five thousand dollars. Title 15 O.S. 373 [15-373] (1971), provides the general law with regard to the liability of a surety. Section 15 O.S. 373 [15-373] provides: "A surety cannot be held beyond the express terms of his contract, and if such contract prescribes a penalty for its breach, he cannot in any case be liable for more than the penalty." The cases construing this particular section are quite clear that a surety is liable only to the extent of his statutory or contractual obligation. The court stated: "When plaintiff in error goes to the rule of strict construction and cites numerous authorities which hold that the surety on official bonds cannot be held beyond the strict terms of their engagement, then their liability cannot be extended by implication beyond the terms of their contract. There is no doubt but this is the general rule, especially as applied to common-law bond." The court went on to state: "In case of a statutory bond, to determine the liability of a surety, resort is had both to the terms of the bond and provisions of the statute requiring that bond be given." Applying this rule to the opinion request, it is clear that the statute is specific in requiring only a bond of five thousand dollars. In Maryland Casualty Company v. Alford, 111 F.2d 388, the court stated: "Under the great weight of authority a surety liability is limited by the penal sum named in the bond, even though different individuals assert claims based upon distinct wrongful acts of the principle." A recent case of Western Surety Company v. Childers, 372 P.2d 214 (1962), restates the general rule by stating: "It is a well-established rule of law that a surety or bondsman may only be held for the amounts stipulated in the bond." In this particular case the surety company contented that the trial court was in error in finding that each claimant was entitled to recover up to one thousand dollars where the statute required a surety bond in the sum of one thousand dollars. The court found that the liability was limited to the sum of one thousand dollars and if the claims or judgments exceeded that sum they must be prorated, each receiving his pro rata share of the one thousand dollars. The court found that this was a statutory bond and that in order to determine the extend of the liability the provisions of the act under which the bond is given should be determined. The court cited Section 15 O.S. 373 [15-373] (1971), as provided above, and quoted the general rule of statutory construction involving suretyship where it was held that a contractor suretyship should be construed and applied strictly in favor of the surety and without an allowance of any implication against it. See New York Casualty Company of New York v. Wallace and Tiernan,174 Okl. 278, 50 P.2d 176, and Enid Concrete Pipe and Stone Company v. Mann, 174 Okl. 282, 50 P.2d 307. The court went on to state: "However, that liberality of construction should not extend to placing burdens on an obligor that it did not assume in its contract. Recovery on the bond is not the only recourse the general public has against the real estate broker or agent." "Should the act be construed to mean that while the required bond purports to be in the penal sum of $1,000.00 and in conformity with the statute which does not require any more than this sum, yet, after recovery for that amount, the obligors shall continue to be liable for other and additional amounts without limit, then the requirement would clearly be unreasonable. No surety could properly be expected to undertake such an indefinite and unlimited responsibility. Therefore, such construction of this regulatory statute would defeat the purpose of the legislation intended to regulate the occupation of real estate brokers and agents." It is likewise very clear that the legislature intended that an abstractor furnish a bond only in the extent of five thousand dollars with good and sufficient sureties thereon and in view of the above-cited principles of law clearly established and followed by the courts of Oklahoma such sureties will be liable only to that extent. As cited in the Western Surety Company case, supra, no surety could be expected to undertake such an indefinite or unlimited responsibility when there are other methods of recovery against an abstractor for violation of this statute. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that under 1 O.S. 1 [1-1] (1971), a surety can include a provision within the abstractor's bond that the liability of the surety is not to exceed the sum of five thousand dollars. (Donald B. Nevard)